

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-17-2008

# Katz v. Secretary Navy

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3481

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Katz v. Secretary Navy" (2008). *2008 Decisions.* Paper 93.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/93

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3481
_____

MARSHALL J. KATZ,
                                        Appellant
                    vs.

DONALD C. WINTER, SECRETARY
UNITED STATES NAVY

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 1:cv-04-02170)
District Judge:  Honorable Yvette Kane

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 1, 2008
Before:  AMBRO, WEIS and VAN ANTWERPEN, Circuit Judges.

(Opinion Filed December 17, 2008)
_____

OPINION

_____

WEIS, Circuit Judge.

        Plaintiff, a former civilian employee of the Navy, has made various Title

VII claims of employment discrimination and retaliation against the Secretary of the

1

Navy.  After pursuing administrative remedies without success, he filed suit in the United States District Court for the Middle District of Pennsylvania.  After preparing a comprehensive opinion, the District Court entered summary judgment for the Secretary and denied the plaintiff's claims.

On appeal to this Court, plaintiff has asserted error as to only two of the many claims presented to the District Court.  He asserts that he presented grounds sufficient to excuse his failure to exhaust his religious discrimination claims before the EEOC.  He also alleges that a genuine issue of material fact exists as to whether there was a causal connection between his prior protected activity and the adverse employment actions taken against him.

In the proceedings that he brought before the EEOC, plaintiff asserted religious and age discrimination claims.  However, he voluntarily abandoned those administrative claims and thus did not exhaust his ability to obtain a remedy before the EEOC.  Having chosen to waive the claims during the administrative proceeding, plaintiff could not present them to the District Court.  See Francis v. Mineta, 505 F.3d 266, 272 (3d Cir. 2007) (explaining that a plaintiff must exhaust his administrative remedies under Title VII before bringing an employment discrimination claim to the federal district courts).

Plaintiff, however, contends that he was misled by the Navy's withholding of certain discovery material involving the existence of unofficial files kept on him.  The

District Court heard that assertion and issued certain discovery directions to defendant. After examining the plaintiff's claims of being misled and the Secretary's response, the District Court rejected the plaintiff's contention, though it did not specifically address the issue of unofficial files in its memorandum opinion. We find no error in the District Court's decision or its proceedings in the discovery area. We also agree that plaintiff has not shown an adequate reason for waiving his administrative remedies.

Plaintiff further alleges that his prior protected activity, filing EEO complaints and reporting a sexual assault, resulted in adverse employment actions. He specifically contends that he suffered temporary suspension of access to classified materials, involuntary lateral assignment, a refusal to reinstate him to his previous position, and failure to select him for promotion.

To demonstrate a prima facie case of retaliation under Title VII, a plaintiff must show, among other things, that "there was a causal connection between [his] participation in [activity protected by Title VII] and [any] adverse employment action[s]." Moore v. City of Philadelphia, 461 F.3d 331, 340-41 (3d Cir. 2006) (quoting Nelson v. Upsala Coll., 51 F.3d 383, 386 (3d Cir. 1995)). The District Court analyzed the record and concluded that plaintiff had not presented such evidence in regard to his EEO activity. We find no error in the District Court's review of the record and conclude that plaintiff failed to demonstrate a causal connection between the alleged adverse employment actions and all of his prior allegedly protected activity.

3

Accordingly  the judgment of the District Court will be affirmed.